**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

LISA M. CARRARA,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

Defendant.

Case No. 2:18-cv-01107-GMN-CWH

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Lisa M. Carrara's ("Plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 14), filed December 19, 2018, the Commissioner's response and cross-motion to affirm (ECF Nos. 15, 16), filed January 18, 2019. Plaintiff did not file a reply.

## I. BACKGROUND

### 1. Procedural History

On March 19, 2014 Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of April 1, 2010. AR[1] 21, 92, 249-65. Plaintiff's claim was denied initially, and on reconsideration. AR 171-75, 183-94. A hearing was held before an Administrative Law Judge ("ALJ") on September 12, 2016.

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 8).)

AR 47-91. On February 28, 2017, the ALJ issued a decision finding Plaintiff was not disabled. AR 18-39. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 7-12. Plaintiff, on June 21, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Complaint (ECF No. 1).)

**2. The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 22-23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of April 1, 2010. AR 23. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of disorder of the shoulders bilaterally; disorder of the cervical spine; disorder of the right elbow; anxiety; and depression. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 26. At step four, the ALJ found that the claimant has the residual functional capacity to perform light work but with the following restrictions: she is limited to lifting or carrying no more than 20 pounds occasionally and 10 pounds frequently; she is capable of standing and/or walking for six hours in an eight-hour workday; she is capable of sitting for six hours in an eight-hour workday; she can perform all postural activities frequently except that she can only occasionally balance, crawl, and climb ladders, ropes, or scaffold; she can only occasionally reach overhead bilaterally; she is limited to frequent but not continuous reaching in all other planes with her right upper extremity; she is otherwise unlimited with regard to the use of her upper extremities; she must avoid concentrated exposure to excessive noise such as that found in factory or construction sites, or in environments where there are large crowds; she must avoid concentrated exposure to excessive vibration, hazardous machinery, unprotected heights, and operational control of moving machinery; and finally, she is limited to simple tasks typical of unskilled occupations. AR 29. The claimant is unable to perform any past relevant work. AR 37. Claimant was born on April 17, 1970, and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. *Id.* The claimant has at least a high school education and is able to communicate in English. *Id.* Transferability of job skills is

not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. *Id.* Considering the claimant's age, education, work experience and the residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Id.* Accordingly, the claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2010 through the date of this decision. AR 38. The claimant's substance abuse disorder is not a contributing factor material to the determination of disability. AR 39.

## II.    DISCUSSION

### 1.    Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2. Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled.  *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required.  *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA").  20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  *Id.* § 404.1572(a)-(b).  If the individual is engaged in SGA, then a finding of not disabled is made.  If the individual is not engaged in SGA, then the analysis proceeds to the step two.  Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities.  *Id.* § 404.1520(c).  An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.  *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85, 96-3p, and 96-4p.[1]  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.  If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20

---

[1] SSRs constitute the SSA's official interpretation of the statute and regulations.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not

meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds

to step four.

Before moving to step four, however, the ALJ must first determine the individual's

residual functional capacity ("RFC"), which is a function-by-function assessment of the

individual's ability to do physical and mental work-related activities on a sustained basis despite

limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p.  In making this

finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

which the symptoms can reasonably be accepted as consistent with the objective medical

evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p.  To the

extent that statements about the intensity, persistence, or functionally limiting effects of pain or

other symptoms are not substantiated by objective medical evidence, the ALJ must make a

finding on the credibility of the individual's statements based on a consideration of the entire case

record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20

C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform

her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either

as the individual actually performed it or as it is generally performed in the national economy

within the last 15 years or 15 years before the date that disability must be established.  In

addition, the work must have lasted long enough for the individual to learn the job and performed

a SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her

past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW

or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do

any other work considering her RFC, age, education, and work experience.  20 C.F.R.

§ 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although

the individual generally continues to have the burden of proving disability at this step, a limited

burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is

responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

Plaintiff moves to remand this matter because the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony, and instead set forth boilerplate language in making his credibility determination and indicating that the testimony is not credible because it lacks support in the objective medical evidence. He also argues that the ALJ improperly based his rejection of Plaintiff's credibility on Plaintiff's conservative treatment and her daily activities. The Commissioner responds that Plaintiff set forth valid reasons to reject Plaintiff's testimony.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue,* 674 F.3d 1104, 1112 (9th Cir. 2012) (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify which symptoms are being discounted and what evidence undermines these claims. *See Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas*, 278 F.3d at 958 (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include:

> 1. Daily activities;
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 1119029, at *7; *see also* 20 C.F.R. §§ 404.1529(c)(3)(i-vii), 416.929(c)(3)(i-vii). The ALJ is instructed to "consider all of the evidence in an individual's record . . . [to] determine how [the] symptoms limit [the] ability to perform work-related activities . . . ." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that "medically determinable impairments could reasonably be expected to cause the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 31.

In assessing Plaintiff's testimony, the ALJ considered four criteria: (1) the objective evidence did not support the extent of her claims; (2) conservative and effective treatment history; (3) Plaintiff's ability to participate in various activities which was inconsistent with her symptom testimony, and (4) the medical opinions of State agency medical and psychological consultants.

The ALJ explained why the objective evidence was inconsistent with Plaintiff's allegations regarding her symptoms and limitations. AR 32. For example, he reviewed the medical evidence in detail, and explained that, despite Plaintiff's testimony regarding the impact of her pinched nerve in her neck and the back of her shoulder blades, the MRI scans revealed only mild or unremarkable findings. *Id*. An August 2015 MRI scan of her right shoulder also revealed only a tiny partial tearing of the scapularis tendon and otherwise unremarkable findings. *Id.*

Similarly, while she testified that she could not work due to a torn tendon in her right elbow, an August 2015 MRI scan of her right elbow revealed a surgery prior to her alleged onset date, mild residual signal in the tendon that was compatible with chronic tendinosis, but no evidence of re-rupture. *Id.* *See Burch*, 400 F.3d at 681 (ALJ properly discounted the claimant's allegations of severe low back pain because "the MRI and x-rays show only mild degenerative disc disease at L5-S1, and mild dextroscoliosis" and there "was no apparent disc herniation or nerve root impingement.").

Further, the ALJ explained that Plaintiff's physical examinations showed normal findings. AR 32. For example, Plaintiff demonstrated good range of motion and strength in the left shoulder with no significant tenderness to palpation, good range of motion and strength with no instability and mild tenderness in the left elbow, full strength ("5/5") in both hands with no tremors and no problem using hands or fingers except having pain when cutting a steak with a knife or unscrewing bottles. *Id.* Similarly, on mental status examinations, Plaintiff demonstrated intact thought process, normal concentration and attention, good memory, normal judgment, average intelligence, and the ability to perform simple math, serial 7's and 3's, and alphanumeric counting; Plaintiff was also cooperative, pleasant and friendly, and made normal eye contact. AR 26-27. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (the ALJ properly discounted the claimant's subjective allegations by citing the conflict between his subjective complaints and the objective medical evidence).

The ALJ considered Plaintiff's conservative and effective treatment history during the relevant period in discounting Plaintiff's allegations of debilitating pain and limitations. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (medication and treatment history relevant to assessing claimant's symptoms). "Impairments that can be controlled effectively with medication are not disabling for the purpose of considering eligibility for [disability] benefits." *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff's argument that she had surgeries, which are not conservative, ignores that the shoulder and elbow surgeries were performed in 2004 and 2008, years before the alleged onset date in this case, and are therefore irrelevant. Plaintiff's argument that injection therapy is not conservative is well taken. But the ALJ explained that Plaintiff's

treatment record showed that Plaintiff was treated with a treatment regimen consisting of pain medication, Lidocaine patches, a steroid injection, a cervical medial branch block (anesthetic injection), and physical therapy, as well as heat, rest, ice and massage; and that the treatment regimen successfully controlled her orthopedic and mental complaints. AR 32. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (because the claimant "responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication," the ALJ properly found that such treatment undermined the claimant's subjective reports regarding the disabling nature of his pain). The ALJ properly considered Plaintiff's treatment history and its effectiveness in evaluating Plaintiff's allegations of pain and limitations.

The ALJ described Plaintiff's testimony regarding her ability to participate in various activities which was inconsistent with her symptom testimony. AR 31. *See* 20 C.F.R. § 404.1529(c)(3)(i) (daily activities relevant to evaluation of symptoms). The ALJ noted Plaintiff's ability to attend and complete a veterinary technology training program (AR 24, 26-28), to drive, go grocery shopping, attend medical appointments, perform her daily activities independently, care for her mother by cooking for her and making sure she takes a shower safely and takes her pills, feed her dogs, wash dishes, do laundry, water the lawn, play cards or games, and use public transportation. AR 30.

The ALJ assessed and gave appropriate weight to the medical opinions of State agency medical and psychological consultants, noting that the expert opinions were consistent with and supported by the objective findings in the record. AR 33-35. State agency physicians and psychologists are "highly qualified" and "experts in Social Security disability evaluation." 20 C.F.R. § 416.913a(b)(1). Here, State agency physicians found Plaintiff capable of at least light exertional work with some non-exertional limitations. AR 33-35. State agency psychologists found that Plaintiff had non-severe mental impairments that caused no more than mild functional limitations. AR 35. Plaintiff did not challenge the expert findings.

Accordingly, by providing a thorough narrative with specific examples constituting substantial evidence, the ALJ presented clear and convincing reasons to discount Plaintiff's subjective testimony. The ALJ's findings are entitled to deference. *See Lewis v. Astrue*, 498 F.3d

909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."). *See also, e.g., Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007) (questions of credibility and resolution of conflicts in the testimony are functions solely for the agency).

**IV. CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand (ECF No. 14) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF No. 15) be GRANTED.

**V. NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 2, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE